IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

## OCTOBER TERM, 1885.

PRESENT—JAMES JACKSON, . . . . . . . . CHIEF JUSTICE.
SAMUEL HALL, . . . . . . . . . ASSOCIATE "
M. H. BLANDFORD, . . . . . . . ASSOCIATE "

### SHIPP vs. SMITH.

It was held in the case of *Bush vs. Lester*, 55 *Ga.*, 579 *et seq.*, that the amending act of congress of March 3, 1873, was not successful in making unconstitutional provisions of state laws a part of the system of bankruptcy. Therefore, a debt made prior to the constitution of 1868 could subject a homestead granted thereunder by the state law, and could also subject it, though the exemption was made by the bankrupt court.

October 13, 1885.

Bankruptcy. Homestead. Constitutional Law. Before Judge HUTCHINS. Walton Superior Court. February Term. 1885.

A *fi. fa.* in favor of R. M. Smith vs. C. H. Shipp was levied on certain land, and Shipp interposed a claim thereto as an exemption set apart to him in bankruptcy. By agreement, the case was tried by the presiding judge, without a jury, on an agreed statement of facts, in substance, as follows: The debt to Smith was contracted in

v 76-1

1862, reduced to a gold basis February 21, 1867, and judgment was obtained thereon in August, 1872.  In 1873, the defendant was adjudicated a bankrupt, and afterwards was discharged.  The plaintiff never proved his debt in bankruptcy.  The land levied on was set apart as a homestead by the ordinary under the constitution of 1868, and afterwards was set apart as an exemption in bankruptcy, as being the homestead allowed by the state constitution of 1868.

The presiding judge held the property subject to the *fi. fa.*, and the claimant excepted.

JAMES F. ROGERS, for plaintiff in error.

RAY & WALKER; McHENRY & McHENRY, for defendant.

JACKSON, Chief Justice.

This case is fully covered by the ruling of this court in *Bush vs. Lester et al.*, 55 *Ga.*, 579, 582–3.  This court there followed Chief Justice Waite (*in re* Daniel Deckert, 10 Bank. Reg., 1) in holding "that the amending act of March 3, 1873, was unsuccessful in making unconstitutional provisions in state laws a part of the system of bankruptcy."  It was the unanimous opinion of the court then, and it not being requested to be reviewed now, and the Supreme Court of the United States not having decided the contrary, so far as we know, this court, as now organized in its *personnel*, must follow that case.  The debt having been contracted prior to the constitution of 1868, could not have been defeated by a homestead under it by the state law; and that ruling being that the effort of congress to defeat it by the amending act of 1873 is inoperative, the court below was right to find the homestead subject to the debt, though the exemption of the property was made by the bankrupt court.

Should this court be requested to review the case cited, and those following it, it may be done; or should the Su-

preme Court of the United States uphold the act of March, 1873, as controlling in cases like this, of course this court will yield to its decision.

Judgment affirmed.